IN THE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KIMBERLEY HINES <br><br> **Plaintiff** <br><br> vs. <br><br> HARRIS COUNTY, TX., PRECINCT #3 and CONSTABLE SHERMAN EAGLETON <br><br> **Defendants** | CIVIL ACTION NO. |

### PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

KIMBERLEY HINES, (hereinafter "Plaintiff") files this Complaint against HARRIS COUNTY, TEXAS, PRECINCT #3, and CONSTABLE SHERMAN EAGLETON, (hereinafter "Defendants") and for cause of action would show the Court as follows:

1

# INTRODUCTION

1. Plaintiff demands a jury trial in this case as to any and all issues triable to a jury

2. Plaintiff files this Complaint and complains about racial discrimination, gender discrimination, and retaliatory discharge under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C§ 2000 (c), *et seq.*

3. This action seeks compensatory and punitive damages, plus lost wages (past, present, and future), attorney fees, taxable court costs, and pre- and post-judgment interest.

# PARTIES

4. Plaintiff KIMBERLEY HINES is a resident of Harris County, Texas.

5. Defendant HARRIS COUNTY, TEXAS, PRECINCT #3 is a political subdivision of the State of Texas.

6. Defendant SHERMAN EAGLETON is Constable of Precinct #3 in Harris County, Texas. Defendant EAGLETON is being sued in his official capacity.

# VENUE

7. Venue is appropriate in the United States District Court for the Southern District of Texas, Houston Division, in that the Defendants can be said to do business in this District and Plaintiff worked for Defendants in Harris County, as required under 28 U.S.C. § 2000 (e) *et seq.*

## JURISDICTION

8. This Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 (e), *et seq.*

9. The unlawful employment practices were committed within the jurisdiction of this Court.

## PROCEDURAL REQUISITES

10. All conditions precedent to the filing of this action have been met by Plaintiff, in that she has filed a timely complaint with the Equal Employment Opportunity Commission ("EEOC") and has received a right-to-sue letter from said agency to pursue her claims.

11. Plaintiff filed a Charge of Discrimination against Defendants with the EEOC on or about May 6, 2018.

12. On February 22, 2019, the EEOC issued Plaintiff a Right to Sue letter, entitling her to file suit on her claims of discrimination.

13. The filing of this lawsuit has been accomplished within ninety (90) days of Plaintiff's receipt of notice from the EEOC.

# FACTS

On information and belief, Plaintiff alleges the following facts:

14. Plaintiff began working for Defendant Precinct #3 in January, 2018 .

15. Plaintiff is a female African-American law enforcement professional, with more than 27 years of service.

16. Plaintiff, at all applicable times, performed her job duties as a Deputy Constable in a competent and professional manner.

17. During her employment, Plaintiff was treated differently with regard to supervision and performance appraisals than similarly situated male deputy constables.

18. After Plaintiff objected to her disparate treatment, Defendant Eagleton verbally abused Plaintiff, telling her "not to scare the white boys".

19. During her employment, Plaintiff was directly threatened by Constable Eagleton who told Plaintiff that "all of my problems these days are caused by blacks."

20. After Plaintiff objected to her disparate treatment, Plaintiff was relieved of her job duties.

21. During her employment, Plaintiff was denied light duty work opportunities received by similarly situated male deputy constables.

22. Plaintiff's employment was terminated by Defendant Eagleton on April 19, 2018.

## COUNT I
## EMPLOYMENT DISCRIMINATION BASED UPON RACE

23. Plaintiff realleges Paragraphs 14-22 herein and incorporates them here.

24. Defendants, by and through its agents and employees intentionally engaged in the aforementioned practices, policies, customs and usages made unlawful by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000(e), *et seq.*

25. Defendants, acting by and through its employees, maintained a policy of harassment and created a hostile working environment based upon race, made unlawful by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000(e), *et seq.*

26. If Plaintiff had not been African-American, she would not have been subjected to these unlawful acts.

## COUNT II
## EMPLOYMENT DISCRIMINATION BASED UPON GENDER

27. Plaintiff realleges Paragraphs 14-22 herein and incorporates them here.

28. Defendants, by and through its agents and employees intentionally engaged in the aforementioned practices, policies, customs and usages made unlawful by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000 (e), *et seq.*

29. Defendants, acting by and through its employees, maintained a policy of harassment and created a hostile working environment based upon gender, made unlawful by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000 (e ), *et seq.*

5

30. If Plaintiff had not been female, she would not have been subjected to these

unlawful acts.

## COUNT III
## TERMINATION OF EMPLOYMENT BASED UPON RETALIATION

31. Plaintiff realleges Paragraphs 14-22 herein and incorporates them here.

32. Defendants, by and through its agents and employees intentionally engaged in the aforementioned practices, policies, customs and usages made unlawful by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000 ( e), *et seq.*

33. Defendants, acting by and through its employees, maintained a policy of harassment and created a hostile working environment based upon race, terminating Plaintiff's employment, based upon her protest of Defendants'' discriminatory conduct. This retaliatory conduct is made unlawful by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000( e), *et seq.*

34. If Plaintiff had not protested Defendants' racial discrimination, she would not have been terminated.

## COUNT IV
## TERMINATION OF EMPLOYMENT BASED UPON RETALIATION

35. Plaintiff realleges Paragraphs 14-22 herein and incorporates them here.

36. Defendants, by and through its agents and employees intentionally engaged in the aforementioned practices, policies, customs and usages made unlawful by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000 (e), *et seq.*

6

37. Defendants, acting by and through its employees, maintained a policy of harassment and created a hostile working environment, based upon gender,

terminating Plaintiff's employment, based upon her protest of Defendants" discriminatory conduct.  This retaliatory conduct is made unlawful by Title VII  of the Civil  Rights Act of 1964, as amended, 42 U.S.C. §2000 (e), *et seq.*

38. If Plaintiff had not protested Defendants' gender discrimination, she would not have been terminated.

## DAMAGES

39. As a direct and proximate result of the aforementioned acts, Plaintiff has suffered a loss of wages, in the past, present and future, as well as compensatory damages, including, but not limited to, unreimbursed medical bills and emotional distress.

## EXEMPLARY DAMAGES

40. Defendants' actions were intentional, willful, harsh, oppressive, and malicious, and as a further and proximate cause, Plaintiff has suffered severe financial damages. The wrongs done by the Defendants were aggravated by the kind of willfulness, wantonness and malice for which the law allows the imposition of exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendants from such conduct in similar situations.

## ATTORNEY'S FEES

41. Defendants' actions and conduct as described herein and the resulting damage and loss to Plaintiff has necessitated Plaintiff to retain the services of JOHN C.LIPPS, ATTORNEY-AT-LAW, PLLC, in order to initiate this proceeding. Plaintiff seeks recovery of reasonable and necessary attorney's fees.

## JURY DEMAND

42. Plaintiff hereby makes her request for a jury trial.

## PRAYER

43. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendants be cited to appear and answer, and that on final hearing of this cause, Plaintiff is granted the following relief:

a. Back Pay;

b. Pre-Judgment Interest on Back Pay;

c. Front Pay;

d. Compensatory Damages, including, but not limited to, damages for diminished salary expectations, unreimbursed medical expenses and emotional distress;

e. Punitive Damages;

f. Injunctive and Affirmative Relief

8

g. Attorney's Fees and Costs;

h. Such other and further relief, at law or in equity, general or special to which Plaintiff may show she is justly entitled.

Respectfully submitted,

*/s/John C. Lipps*
John C. Lipps
TX Bar #00793134
Federal Bar # 246689
John C. Lipps, Attorney-At-Law PLLC
7214 Winding Walk Drive
Houston, TX 77095
Email: lippsclan@gmail.com
Tel: 832-283-3555

**Attorney for Plaintiff**

9